**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 20-7284**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH LAMONT REAMS, a/k/a HOT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00426-CCE-1)

Submitted:  April 27, 2021                    Decided:  May 13, 2021

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kenneth Lamont Reams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lamont Reams appeals the district court's order denying his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We review for abuse of discretion the district court's denial of a compassionate release motion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." *Kibble*, 992 F.3d at 330. To grant an inmate's motion for compassionate release under § 3582(c)(1)(A)(i), a district court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); *see Kibble*, 992 F.3d at 330-31, 331 n.3. "The district court enjoy[s] broad discretion in conducting this analysis." *Kibble*, 992 F.3d at 330. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020).

2

Having reviewed Reams' appellate submissions and the record on appeal in view of these standards, we find no reversible error in the district court's conclusion that Reams failed to demonstrate "extraordinary and compelling reasons" to support his request for compassionate release.[*] Accordingly, we affirm on this basis for the reasons stated by the district court. *United States v. Reams*, No. 1:14-cr-00426-CCE-1, 2020 WL 5223094 (M.D.N.C. Aug. 13, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because the district court lacked the authority to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) absent a finding of "extraordinary and compelling reasons," regardless of the court's analysis of the § 3553(a) factors, we decline to consider Reams' remaining arguments regarding the court's § 3553(a) analysis.